UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELLIOT JOHN TIGER,<br><br>Defendant. | 3:22-CR-30113-RAL<br><br>OPINION AND ORDER DENYING MOTION TO SEVER |

A grand jury charged Defendant Elliot John Tiger with two separate counts of Prohibited Person in Possession of a Firearm. Doc. 1-1. Count I alleges that Tiger, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing he had been convicted of the same, knowingly possessed a firearm on or about between July 9 and July 10, 2022. Id. Count II alleges that Tiger, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing he had been convicted of the same, knowingly possessed a firearm on or about July 12, 2022. Id. Tiger moved to sever the allegations of July 9 or 10 contained in Count I from those of July 12 contained in Count II under Federal Rules of Criminal Procedure 8(a) and 14. Doc. 34. The United States opposes the motion. Doc. 37. For the reasons explained below, Tiger's motion is denied.

I. **Joinder under Rule 8(a)**

Rule 8(a) provides that a single indictment may charge a defendant in separate counts with multiple offenses if the offenses "are of the same or similar character, or are based on the same act

1

or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency. United States v. McCarther, 596 F.3d 438, 441–42 (8th Cir. 2010); see also United States v. Two Hearts, No. CR 12-30108-RAL, 2013 WL 175780, at *1 (D.S.D. Jan. 16, 2013). Courts determine the propriety of joinder of offenses on the face of the indictment alone. United States v. Mink, 9 F.4th 590, 603 (8th Cir. 2021).

Tiger argues that joinder is improper in this case because the two counts are not of the "same or similar character" because they involve separate dates and have different underlying conduct. Offenses are of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence to each count overlaps." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (quoting United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979)).

Counts I and II are properly joined. Both counts concern allegations that Tiger, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing he had been convicted of the same, knowingly possessed the same firearm. Though the conduct occurred on different days, at most, there is only a four-day difference, which constitutes a short period of time. See United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011) (upholding joinder of two counts of Prohibited Person in Possession of a Firearm separated by 15 months); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (finding 17 months to be a short period of time for purposes of joinder of Prohibited Person in Possession of a Firearm charges); Rodgers, 732 F.2d at 629 (finding 20 months to be a short period of time for purposes of joinder); United States v. Hastings, 577 F.2d 38, 40 (8th Cir. 1978) (permitting joinder when two years separated offenses).

Tiger argues that the two counts "are not based on the same act or transaction" because they arise from different instances of conduct. The propriety of joinder, however, is determined on the face of the indictment alone and not the underlying facts of the allegations.[1] Mink, 9 F.4th at 603. Both counts of the indictment allege violations of the same statute, involving common characteristics, and occurring in a four-day time span.

Finally, the evidence on both counts seemingly will overlap because both counts will require proof that Tiger had been convicted of a felony offense and knew he had been so convicted. Further, Rule 404(b) allows prior bad act evidence to be admitted to show a lack of mistake, knowledge, or intent, Fed. R. Evid. 404(b), so the evidence relating to Count I would likely be admissible in a trial on Count II, see United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent . . . ."); United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008) (finding severance not required for two assaults committed one month apart because evidence of one assault could be used to show the "absence of mistake or accident or to show intent" of the other assault). The Counts are properly joined.

## II. Severance under Rule 14(a)

Tiger argues that joinder of the offenses is prejudicial under Rule 14(a) and that Count I therefore should be severed from Count II. Rule 14(a) allows courts to sever counts joined in the same indictment if joinder of the counts appears to prejudice the defendant. Fed. R. Crim. P. 14(a). A "strong presumption" disfavors severing properly joined counts. Garrett, 648 F.3d at 626;

---

[1] Even if the underlying facts were considered, the United States in its response noted that both counts involve Tiger's possession of the same firearm, similar conduct in Tiger pointing the firearm to his head during a dispute to threaten suicide and the same primary witness although different secondary witnesses between the two alleged instances.

McCarther, 596 F.3d at 442. Only in the unusual case will prejudice resulting from joinder of counts be substantial enough to outweigh the general efficiency of joinder. United States v. Al-Esawi, 560 F.3d 888, 891 (8th Cir. 2009); United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008). The defendant bears the burden of showing prejudice sufficient to justify severance. Garrett, 648 F.3d at 626.

The Eighth Circuit has repeatedly recognized that "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." McCarther, 596 F.3d at 442; see also United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). Because the evidence concerning Count I would likely be admissible at a separate trial on Count II, Tiger cannot show the requisite prejudice under Rule 14(a). Tiger's arguments simply do not justify severance.

**III.   Conclusion**

For the reasons explained above, it is hereby

ORDERED that Tiger's Motion for Order to Sever Counts for Trial, Doc. 34, is denied.

DATED this 17th day of July, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE